# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 01-20064-03-CM** |
| | ) | |
| AURELIANO SORIA SANCHEZ, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Defendant pleaded guilty to a two-count Superseding Indictment on November 12, 2002. On December 18, 2003, this court sentenced defendant to 180 months' imprisonment on Count 1 and 52 months' imprisonment on Count 2, to be served consecutively. Defendant filed a direct appeal, but he dismissed the appeal on March 31, 2004.

This matter is before the court on defendant's motion for adjustment of sentence (Doc. 316). He asks the court "to adjust [defendant's] sentence term to run from this point as concurrent, in lieu of its present state of consecutive." (Doc. 316 at 1.) In support of his request, defendant notes his exemplary work and behavioral record. He also cites to United States Sentencing Guideline § 5G1.3(c).

This court does not have inherent authority to modify an imposed sentence. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Rather, it may only do so pursuant to statutory authorization. *Id.* In 18 U.S.C. § 3582, Congress set forth limited circumstances in which a court may modify a sentence. But defendant's request does not fall within any of these exceptions. Defendant's motion is not a direct appeal. *Id.* at § 3582(b)(3). It does not seek a correction pursuant to Federal Rule of Criminal Procedure 35. *Id.* at § 3582(b)(2). It is not filed by the Director of the Bureau of

Prisons. *Id.* at § 3582(c). And it does not argue that his sentencing range has been subsequently lowered by the Sentencing Commission. *Id.* This statute therefore provides no basis for modifying defendant's sentence.

In 28 U.S.C. § 2255, Congress set out a procedure for a prisoner in federal custody to attack his sentence. This statute sets out a one-year time limitation for filing a motion that generally runs from the date on which defendant's judgment of conviction becomes final. 28 U.S.C. § 2255(f).[1] Defendant's judgment of conviction became final in 2004. But he did not file the current motion until September 11, 2013. Defendant's motion is therefore untimely.

The one-year limitation period is not jurisdictional. Defendant therefore may seek to invoke equitable tolling to excuse the untimeliness of his motion. To do so, he generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Defendant has not met either burden. Defendant likewise does not make any claim of actual innocence. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (noting that a claim of actual innocence may be a ground for equitable tolling). Because defendant filed his motion outside the one-year period and identifies no basis for extending the limitations period, his motion is untimely under this statute.

Further, defendant's reliance on United States Sentencing Guideline § 5G1.3(c) is misplaced. This section applies at the time of sentencing and relates to cases involving an undischarged term of imprisonment. It does not allow this court to reduce a valid already-imposed sentence. To the extent defendant argues his attorney rendered ineffective assistance of counsel by failing to raise this section at the time of sentencing (assuming the factual predicate exists for this section to apply), that argument should have been brought in a timely-filed motion under 28 U.S.C. § 2255.

---

[1] The other circumstances in 28 U.S.C. § 2255(f)(1) through (4) do not apply to this case.

The court commends defendant's apparent completion of the Dental Apprenticeship Program and his conduct while incarcerated. The court also encourages him to continue his good behavior and his participation in prison programs. But, as explained above, the court lacks the authority to grant defendant's requested relief.

The court carefully considered defendant's motion and, mindful of his pro se status, liberally construed it. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Despite this generous review, the court finds no arguable basis for the requested relief.[2] To the extent necessary, the court also denies a certificate of appealability because defendant's motion fails to satisfy the standard in *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**IT IS THEREFORE ORDERED** that defendant's Motion for Adjustment of Sentence (Doc. 316) is denied.

**IT IS FURTHER ORDERED** that, to the extent necessary, a certificate of appealability is denied.

Dated this 19th day of December, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

---

[2] In addition, and as the government noted, it appears defendant waived his right to collaterally attack his sentence in his plea agreement.